

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-13-2006

# USA v. Gorko

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1597

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Gorko" (2006). *2006 Decisions.* Paper 1453.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1453

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case Nos:  03-1597 and 04-4142

UNITED STATES OF AMERICA

v.

JOSEPH A. GORKO, JR.,

Appellant

_____

On Appeal for the United States District Court
for the Middle District of Pennsylvania
District Court No.:  00-CR-00259
District Judge: The Honorable Thomas I. Vanaskie, Chief Judge

_____

Argued February 2, 2006

Before: McKEE, SMITH, and VAN ANTWERPEN, *Circuit Judges*

(Filed: March 13, 2006)

Joseph A. O'Brien (argued)
Oliver, Price & Rhodes
1212 South Abington Road
P.O. Box 240
Clarks Summit, PA  18411
*Counsel for Appellant*

John C. Gurganus, Jr. (argued)
Office of the United States Attorney
235 North Washington Avenue
P.O. Box 309, Suite 311
Scranton, PA  18503
*Counsel for Appellee*

SMITH, *Circuit Judge*.

Joseph Gorko, Jr., D.V.M., appeals from his conviction on thirteen counts of mailing threatening communications in violation of 18 U.S.C. § 876. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise final order jurisdiction under 28 U.S.C. § 1291. For the reasons set forth below, we will affirm the judgment of the District Court.

I.

On September 19, 2000, a grand jury returned an eleven count indictment against Gorko charging him with mailing threatening communications in violation of 18 U.S.C. § 876. Counts One through Seven alleged that Gorko mailed seven threatening communications to Peter Paul Olszewski, Jr., with the intent to extort money. Counts Eight, Nine and Ten alleged that Gorko caused to be delivered by the United States Postal Service communications containing a threat to injure to his father, Joseph A. Gorko, Sr. Count Eleven averred that Gorko caused to be delivered another communication containing a threat to injure to Olszewski.

On February 14, 2001, Gorko was indicted on two additional counts in the Northern District of Ohio of causing to be delivered to his father communications containing a threat to injure in violation of 18 U.S.C. § 876. These charges were

2

transferred to the Middle District of Pennsylvania and consolidated for trial with the other eleven counts.

At trial, the evidence established that Gorko signed his name to the communication on which Count Eleven was based. The other communications, however, were only circumstantially attributed to Gorko. The government linked the other communications to Gorko by demonstrating that they were consistent with the plan set out in a book titled *Your Revenge Is In The Mail*, which provided information on how "to destroy the underpinnings" of the target of your revenge. This book, which was found in a bedroom Gorko had previously occupied at his father's house, contained a "primer" on how to accomplish this "mail order revenge." Because some of the revenge was to be extracted by sending letters from third parties, the primer suggested making letterhead and envelopes for the third parties by cutting and pasting parts of letterhead, signatures and other portions of documents onto a blank sheet of paper, and then photocopying it to produce a "good, quality letterhead." The evidence established that some of the threatening communications were created using this cut-and-paste technique. To demonstrate Gorko's ability to utilize this cut-and-paste technique, as well as his identity as the author of some of the threatening communications, the government admitted other documents constructed by Gorko, which used the cut-and-paste technique and which were consistent with the plan set out in *Your Revenge Is In The Mail*.

On April 5, 2002, a jury convicted Gorko of each of the thirteen counts. The

3

District Court sentenced Gorko, *inter alia*, to ninety-seven months of imprisonment. This timely appeal followed. Gorko contends that his convictions should be vacated because: (1) the District Court erred by allowing the admission of certain "other act" evidence in violation of Federal Rule of Evidence 404(b); (2) the evidence was insufficient to support his convictions; and (3) the District Court erred in refusing to include a requested instruction to the jury regarding Olszewski's opinion testimony that Gorko was the author of certain communications.

## II.

Gorko challenges the propriety of the District Court's decision to allow the admission of three groups of "other act" evidence in violation of Federal Rule of Evidence 404(b), specifically: (1) a letter purportedly sent to the Governor of Pennsylvania by then Pennsylvania Attorney General Thomas Corbett; (2) several documents relating to Duffy & Associates, a law firm; and (3) various documents supposedly authored by Amy Kellogg. Gorko asserts that this evidence should not have been admitted because it was not so unusual and distinctive as to be like a signature, and because this evidence was more prejudicial than probative. We review the District Court's decision to admit this evidence for abuse of discretion. *United States v. Givan*, 320 F.3d 452, 460 (3d Cir. 2003).

Federal Rule of Evidence 404(b)[1] is "inclusive, not exclusive, and [it] emphasizes admissibility." *United States v. Sampson*, 980 F.2d 883, 886 (3d Cir. 1992). It "generally prohibits the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character, unless that evidence bears upon a relevant issue in the case . . . ." *Huddleston v. United States*, 485 U.S. 681, 685 (1988). In *Huddleston*, the Supreme Court gave

> four guidelines on the admissibility of prior bad act evidence: (1) the evidence must have a proper purpose; (2) it must be relevant under Rules 401 and 402; (3) its probative value must outweigh its prejudicial effect under Rule 403; and (4) the court must charge the jury to consider the evidence only for the limited purpose for which it was admitted.

*United States v. Sampson*, 980 F.2d 883, 886 (3d Cir. 1992) (citing *Huddleston*, 485 U.S. at 691-92); *see also United States v. Vega*, 285 F.3d 256, 261 (3d Cir. 2002) (reiterating the four guidelines enumerated by the Supreme Court in *Huddleston*). Thus, "the proponent must clearly articulate how that evidence fits into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the crime charged." *United States v. Himelwright*, 42 F.3d 777, 782 (3d Cir. 1994).

The government opposed Gorko's motion in limine to exclude the Attorney

---

[1] Federal Rule of Evidence 404(b) states, in pertinent part:

Other Crimes, Wrongs, or Acts.—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

General letter, arguing that it was critical because it showed that Gorko, "despite what he claims, engages in cut and paste and making - using other people's signatures and their letterhead to send mail." In addition, the government asserted that the exhibit was consistent with the plan laid out in the book *Your Revenge Is In The Mail*, found in Gorko's former bedroom at his father's house. The record as a whole, including the handwritten rough draft of the Attorney General letter, which Gorko admitted was in his handwriting, the typed draft of that letter, and the results of the examination of the typewriter ribbon, establishes Gorko's authorship of the Attorney General letter. The references in the Attorney General letter to the alleged arson and insurance fraud by Olszewski's father-in-law, corruption in local politics, Olszewski's brother's conviction of bank robbery, and other alleged personal misdeeds, also connect Gorko to the letters sent to Olszewski. Moreover, this evidence demonstrated that Gorko used both the plan set out in the book *Your Revenge Is In The Mail* and the same grammatical error – the erroneous "it's" for the possessive pronoun – that appeared in several of the communications to Olszewski and Gorko's father. Because the purpose of the Attorney General letter was to establish that it was authored by the same person that authored the Olszewski communications, the purpose was proper, the evidence was clearly relevant, and there was no abuse of discretion by the District Court in concluding that it was more probative than prejudicial. Inasmuch as the District Court provided the jury with a general limiting instruction in the charge, the District Court did not err by denying the

motion in limine to exclude the admission of the Attorney General letter.

Nor do we find any abuse of discretion in the admission of the documents found during a consent search bearing the letterhead "Duffy & Associates." We agree with the government that the documents demonstrated Gorko's ability to utilize the cut-and-paste technique that was used on one of the letters to Olszewski. Moreover, the return address on the letter, as the government pointed out to the District Court, was actually used by Gorko for business purposes. Accordingly, there was a proper purpose for the admission of these documents. Indeed, Gorko does not dispute that this evidence was relevant, and an instruction by the District Judge appropriately limited the purpose for which this evidence was admitted.

Gorko contends, however, that the Duffy & Associates documents were more prejudicial than probative in light of their bizarre content. To be sure, the documents were bizarre because of their sensational allegations of improper and illegal conduct, but they were no more bizarre than the communications to Olszewski. As a result, the Duffy & Associates cut-and-paste documents, which were clearly linked to Gorko, were consistent with his adherence to the book's plan for exacting revenge and were more probative than prejudicial. For that reason, we conclude that the District Court did not abuse its discretion by allowing this evidence to be admitted.

Finally, Gorko cites as error the admission of various letters allegedly authored by Amy Kellogg, a television news reporter who once worked with Gorko and was

7

subsequently affiliated with a station in New Jersey. The government argued that the Kellogg documents, some of which were found in Gorko's bedroom at his father's house, were necessary to show: (1) that Gorko used the cut-and-paste technique that was used in a letter to Olszewski; (2) that Gorko followed the plan laid out in the *Your Revenge Is In The Mail* book; (3) that Gorko erroneously used the contraction "it's" for the possessive pronoun, as he did in several of the communications; and (4) that Gorko used the term the "avenging angel," which is also contained in a threatening communication to his father.

After reviewing the record, we conclude that there was a proper purpose under Rule 404(b) for admitting the Kellogg documents. The cumulative evidence was clearly relevant and a limiting instruction was given by the Court before these exhibits were presented. Again, Gorko argues that these documents were more prejudicial than probative. We find no abuse by the District Court in concluding that the Kellogg documents were more probative. This evidence was important to the prosecution and we note that any unfair prejudice was eliminated by the redaction of the author's opposition to President Clinton and his prediction of Clinton's death.

## III.

Gorko also challenged the sufficiency of the evidence on each count of mailing threatening communications. We "review[] the sufficiency of the evidence in the light most favorable to the government and must credit all available inferences in favor of the government." *United States v. Riddick*, 156 F.3d 505, 509 (3d Cir. 1998). In light of our

conclusion that the "other acts" evidence was appropriately admitted under Rule 404(b), we conclude that there is more than sufficient evidence to support Gorko's conviction on each count in the indictments.

Gorko submits, however, that Count Eleven cannot stand because the letter, which he admitted he authored, did not contain a threat to injure Olszewski. Although Gorko is correct that the letter could be construed as innocuous, the evidence supporting his conviction on this count is not limited to the letter he authored. Rather, the evidence before the jury included the letter, the circumstances that existed when Olszewski received the letter, and Olszewski's perception that the letter was another threat. From this evidence, a jury could reasonably find that the communication contained a threat to injure. *See United States v. Zavrel*, 384 F.3d 130, 136 (3d Cir. 2004); *United States v. Malik*, 16 F.3d 45, 49 (2d Cir. 1994). There is no basis for disturbing Gorko's conviction on Count Eleven.

IV.

Gorko's final argument is that the District Court erred, after the charge had already been read to the jury without objection, by refusing his request to give a supplemental instruction regarding Olszewski's opinion testimony that Gorko was the perpetrator of the various letters. "A court errs in refusing a requested instruction only if the omitted instruction is correct, is not substantially covered by other instructions, and is so important that its omission prejudiced the defendant." *United States v. Davis*, 183, F.3d

231, 250 (3d Cir. 1999).

We find no error by the District Court. Immediately after Olszewski testified in that regard, the District Court instructed the jury to disregard Olszewski's statement. We must presume that the jury followed the court's limiting instruction and considered it only for its limited purpose. *See Givan*, 320 F.3d at 462. Moreover, as the District Court pointed out, to give a separate instruction after the jury was charged and was ready to deliberate would have resulted in prejudice to Gorko by highlighting the fact that Olszewski, the victim of a majority of the threatening communications, considered Gorko to be the perpetrator.

We will affirm the judgment of the District Court.[2]

---

[2] We recognize that Gorko asserts in his *pro se* submissions on appeal that his trial counsel was ineffective. As we explained in *United States v. Thornton*, 327 F.3d 268, 271-72 (3d Cir. 2003), "it is preferable that such claims be considered on collateral review rather than on direct appeal."